UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| J L HOUSTON, | ) |
|     Petitioner, | ) |
|     v. | ) Case No. 17-cv-1065 |
| STEVE KALLIS, | ) |
|     Respondent. | ) |

## ORDER & OPINION

This matter is before the Court on a Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 filed by J L Houston. The motion has been fully briefed. For the reasons stated below, the petition is DENIED.

### BACKGROUND

On August 7, 1997, Petitioner J L Houston was convicted by a jury of racketeering conspiracy, in violation of 18 U.S.C. § 1962(d), and narcotics conspiracy, in violation of 21 U.S.C § 846. *United States v. Andrews et al.*, No. 89-cr-00908-20 (N.D. Ill. 1997). Houston's convictions arose out of his involvement in El Rukn, a Chicago street gang, and he was one of thirty-seven men indicted after a successful sting operation on El Rukn's dummy corporation, Security and Maintenance Services ("SMS"). *United States v. Franklin*, 197 F.3d 266, 268 (7th Cir. 1999). Houston was sentenced to life imprisonment.

Judge James B. Zagel, a district judge in the Northern District of Illinois, presided over Houston's trial. One of Houston's co-defendants, Noah Robinson, filed a motion and supporting affidavit asking that Judge Zagel recuse himself under 28

U.S.C. § 144 and § 455. *Id.* at 269. Judge Zagel denied Robinson's motion for recusal. A year and a half later, Houston simultaneously filed a motion to adopt the pre-trial motions of other co-defendants appearing before Judge Zagel and a motion for recusal pursuant to § 455(a). *Id.* Judge Zagel denied Houston's motion for recusal, but did not rule on Houston's motion to adopt. *Id.*

Robinson and Houston sought recusal of Judge Zagel because Judge Zagel served as Director of the Illinois State Police during the mid-1980s when the Illinois State Police became involved in various operations designed to thwart El Rukn activities. *Id.* at 268. While Judge Zagel had "little day-to-day involvement with operations," he "often served as a representative for the agency to the public." *Id.* After the successful sting operation leading to Houston's indictment, though he was not personally involved in the operation, Judge Zagel and then-Cook County State's Attorney Richard Daley "held a press conference to announce the operation's success." *Id.* "At the press conference, Judge Zagel made statements about the SMS employees and the El Rukns." *Id.* "He said that SMS 'would not be my first choice to guard any valuables,' and that '[s]treet gangs have grown to rival organized crime in the scope of their operations, and in the savagery in which they control entire sections of the city.'" *Id.*

Seventh Circuit law at the time of Houston's conviction and appeal provided that a recusal motion was preserved for appeal only where a defendant immediately moved for a writ of mandamus in the event that the district judge denied the motion for recusal. *See id.* at 269; *United States v. Towns*, 913 F.2d 434, 443 (7th Cir.1990). Because Houston failed to request the writ, the Seventh Circuit held that he waived

the recusal issue on appeal. *Franklin*, 197 F.3d at 269. Furthermore, since Houston had an opportunity to renew his motion to adopt but failed to do so, he also waived that motion on appeal. *Id.* at 270; *United States v. Taglia*, 922 F.2d 413, 416 (7th Cir.1991) (a defendant's failure to remind the court to rule on a pre-trial motion constituted a waiver). As Houston waived the recusal issue on appeal, the appellate court reviewed the merits of the § 455(a) and § 144 claims for "plain error," which allows the Court of Appeals to correct only "particularly egregious errors for the purposes of preventing a miscarriage of justice." *Franklin*, 197 F.3d at 270 (citing *United States v. Marvin*, 135 F.3d 1129, 1135 (7th Cir.1998)). Finding no such error, the Seventh Circuit affirmed. *Id.*

On June 26, 2001, Houston filed a Motion to Amend, Correct or Set Aside Sentence pursuant to 28 U.S.C. § 2255 raising issues under *Apprendi v. New Jersey*, 530 U.S. 466, 470 (2000). *United States v. Houston*, No. 01-cv-04842 (N.D. Ill. 2001). On December 7, 2001, Judge Zagel denied the Motion. *Id.* (Doc. 9). The Seventh Circuit subsequently denied four applications for permission to file a successive collateral attack under § 2255. *United States v. Houston*, No. 18-1937 (7th Cir. 2018); *United States v. Houston*, No. 17-1117 (7th Cir. 2017); *United States v. Houston*, No. 16-2890 (7th Cir. 2016); *United States v. Houston*, No. 12-2419 (7th Cir. 2012). Houston also filed a "Motion to Recall the Mandate in Light of Williams v. Pennsylvania," which the Seventh Circuit summarily denied. *United States v. Houston*, No. 98-3015 (7th Cir. 2016).

On February 8, 2017, Houston filed the instant Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. (Doc. 1). Houston argues that he is entitled to

3

a new trial, in front of a different district court judge, under the authority of *Fowler v. Butts*, 829 F.3d 788 (7th Cir. 2016), and *Williams v. Pennsylvania,* 136 S.Ct. 1899 (2016). The Government filed a response on May 25, 2017, (Doc. 7), and Houston filed a Reply on June 12, 2017, (Doc. 8). Thus, this matter is ripe for decision.

**LEGAL STANDARD**

Federal prisoners who wish to collaterally attack their convictions or sentences ordinarily must do so under 28 U.S.C. § 2255. *Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012). Federal inmates may file a petition under 28 U.S.C. § 2241 only in the rare circumstance in which the remedy provided under § 2255 "is inadequate or ineffective to test the legality of his detention." *See* 28 U.S.C. § 2255(e) (often referred to as "the Savings Clause").

Section 2255 is inadequate or ineffective only if the following three requirements are met: "(1) the petitioner must rely on a [Supreme Court] case of statutory interpretation (because invoking such a case cannot secure authorization for a second § 2255 motion); (2) the new rule must be previously unavailable and apply retroactively; and (3) the error asserted must be grave enough to be deemed a miscarriage of justice, such as the conviction of an innocent defendant." *Davis v. Cross,* 863 F.3d 962, 964 (7th Cir. 2017). The mere fact that a petitioner's claim would be an impermissible second or successive § 2255 motion does not render § 2255 inadequate or ineffective. *See In re Davenport*, 147 F.3d 605, 609-10 (7th Cir. 1998). Houston cannot satisfy the second requirement, and therefore his Petition must be denied.

**DISCUSSION**

Houston argues that the holdings in *Fowler v. Butts*, 829 F.3d 788 (7th Cir. 2016), and *Williams v. Pennsylvania*, 136 S.Ct. 1899 (2016), entitle him to a new trial presided over by a different district court judge. *Fowler* overruled precedent that the Seventh Circuit relied on during Houston's direct appeal to hold that Houston had procedurally defaulted a § 455 challenge to his trial judge. Specifically, *Fowler* held that the Seventh Circuit could consider § 455 recusal arguments on direct appeal. 829 F.3d at 791. Houston's § 455 arguments were denied as waived on appeal because he failed to file a writ of mandamus as the law then-required. *Williams* held that a Pennsylvania Supreme Court justice, who as a district attorney had given approval to seek the death penalty against an inmate, violated the Due Process Clause by not recusing himself and participating in the decision to reinstate the death sentence. 136 S.Ct. at 1907-08.

The Seventh Circuit has repeatedly denied Houston's applications to file a successive § 2255 motion raising *Fowler* and *Williams* arguments because they failed to satisfy the criteria under 28 U.S.C. § 2244(b)(3) for filing second or successive motions. *Houston*, No. 16-2980 (*Williams* did not announce a substantive rule applied retroactively and *Fowler* is not a constitutional rule announced by the Supreme Court); *Houston*, No. 17-1117 (*Williams* is not retroactive). Due to several failed attempts at filing second or successive § 2255 Motions, Houston now, unsuccessfully, argues that he is entitled to relief under § 2241.

While *Fowler* is a case of statutory interpretation, it is not a Supreme Court case that applies retroactively. The Seventh Circuit allows for a § 2241 challenge "based on a new statutory interpretation <u>by the Supreme Court</u>." *Light v. Caraway*,

5

761 F.3d 809, 812 (7th Cir. 2014) (emphasis added). *Fowler* is obviously not a Supreme Court decision.

Furthermore, even if *Fowler* was a Supreme Court case, it would not apply retroactively on collateral review. Ordinarily, "[t]he declaration of retroactivity must come from" the Supreme Court Justices. *Poe v. LaRiva*, 834 F.3d 770, 773 (7th Cir. 2016) (quoting *Simpson v. United States*, 721 F.3d 875, 876 (7th Cir. 2013) (citations omitted)). But "even if the Supreme Court has not explicitly stated that a particular case is retroactive to cases on collateral review, if the Court's previous holdings ' . . . logically permit no other conclusion than that the rule is retroactive,' the Supreme Court will have been deemed to have 'made' the rule retroactive." *Prevatte v. Merlak*, 865 F.3d 894, 898 (7th Cir. 2017), *reh'g and suggestion for reh'g en banc denied* (Sept. 28, 2017) (quoting *Price v. United States*, 795 F.3d 733 (7th Cir. 2015)).

*Teague v. Lane*, 489 U.S. 288 (1989), "sets forth a framework for retroactivity in cases on federal collateral review." *Montgomery v. Louisiana*, 136 S.Ct. 718, 728 (2016). "[A] new constitutional rule of criminal procedure does not apply, as a general matter, to convictions that were final when the new rule was announced." *Id*. There are two widely known exceptions to the general retroactivity bar: (1) "courts must give retroactive effect to new substantive rules of constitutional law," and (2) courts must give retroactive effect to new "watershed rules of criminal procedure" "implicating the fundamental fairness and accuracy of the criminal proceeding." *Id*. (internal citations omitted). Neither of these exceptions apply to *Fowler*.

First, *Fowler* is not a substantive rule of constitutional law. Substantive rules include "rules forbidding criminal punishment of certain primary conduct," as well as

6

"rules prohibiting a certain category of punishment for a class of defendants because of their status or offense." *Penry v. Lynaugh*, 492 U.S. 302, 330 (1989). *Fowler* itself characterized a § 455 violation as a "procedural problem." 829 F.3d at 790. *Fowler*'s holding affects only the procedural manner on appeal by which a defendant may challenge his or her trial judge under § 455; *Fowler* in no way affects underlying punishable offenses or categories of punishment. As such, *Fowler* is a procedural rule.

Second, while *Fowler* is a procedural rule, it is not a watershed rule of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding. New procedural rules do not apply on collateral attack except ones "'without which the likelihood of an accurate conviction is seriously diminished.'" *Schriro v. Summerlin*, 542 U.S. 348, 348 (2004) (quoting *Teague*, 489 U.S. at 313)). The "watershed rule of criminal procedure" exception to the retroactivity bar is "extremely narrow." *Id.* at 352. In order to qualify as watershed, a new rule "must be necessary to prevent an 'impermissibly large risk . . . of an inaccurate conviction,' and it must 'alter our understanding of the bedrock procedural elements essential to the fairness of a proceeding.'" *Whorton v. Bockting*, 549 U.S. 406, 418 (2007) (quoting *Summerlin*, 542 U.S. at 356 *and Sawyer v. Smith*, 497 U.S. 227, 242 (1990)). "The example that the Supreme Court has used for this exception is" *Gideon v. Wainwright*, 372 U.S. 335, 343 (1963), "which established an affirmative right to counsel in felony cases." *Bintz v. Bertrand*, 403 F.3d 859, 867 (7th Cir. 2005).

*Fowler* does not rise to the level of *Gideon*. The procedure that existed at the time of Houston's conviction—requiring a writ of mandamus to be filed in order to preserve a § 455(a) challenge on appeal—did not seriously diminish the likelihood of

7

an accurate conviction. *Cf. United States v. Herrera-Valdez*, 825 F.3d 912, 916 (7th Cir. 2016) ("unlike a case of actual bias under § 455(b), a party's substantial rights are not affected by the denial of a recusal motion under §455(a)."). *Fowler* does not introduce any fundamentally new concepts to address the fairness or accuracy of a trial; it merely changes the procedural manner to preserve an issue for appeal. Houston was always *able* to preserve his § 455(a) claim for appeal, but he failed to follow the procedure required to do so at the time of his conviction. Accordingly, *Fowler* would not qualify as a watershed rule.

The *Williams* case does not save Houston's petition, either. *Williams* is not a statutory interpretation case. *Williams* is a constitutional law case, and "the Supreme Court has not made *Williams* retroactive". *Houston*, No. 17-1117. Therefore, § 2255 is not "inadequate and ineffective," and Houston cannot seek relief under § 2241.

## CONCLUSION

For the reasons stated above, Houston's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Doc. 1) is DENIED.


Entered this 31st day of May, 2018.


                                                   s/ Joe B. McDade
                                               JOE BILLY McDADE
                            United States Senior District Judge