# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

J L HOUSTON,                      )
                                  )
    Petitioner,               )
                                  )
        v.                  )      Case No.   17-cv-1065
                                  )
STEVE KALLIS,                     )
                                  )
    Respondent.               )

## ORDER & OPINION

This matter is before the Court on a "Motion to Correct a Manifest Error of Law & Fact" filed by J L Houston. (Doc. 13). For the reasons stated below, the motion is DENIED.

### BACKGROUND

A more comprehensive explanation of the background in this case can be found in this Court's May 31, 2018, Order & Opinion. (Doc. 11). Judge James B. Zagel, a district judge in the Northern District of Illinois, presided over Petitioner J L Houston's 1997 trial where Houston was convicted of narcotics and racketeering conspiracy. He is currently serving a life sentence. Before trial, Houston and other co-defendants unsuccessfully sought Judge Zagel's recusal under 28 U.S.C. § 144 and § 455(a).

Seventh Circuit law at the time of Houston's conviction and appeal provided that a recusal motion was preserved for appeal only where a defendant immediately moved for a writ of mandamus in the event that the district judge denied the motion for recusal. *United States v. Franklin*, 197 F.3d 266, 269 (7th Cir. 1999); *United States*

*v. Towns*, 913 F.2d 434, 443 (7th Cir.1990). Because Houston failed to request the writ after Judge Zagel denied Houston's § 455(a) motion for recusal, the Seventh Circuit held that he waived the recusal issue on appeal. *Franklin*, 197 F.3d at 269. Houston also waived his attempt to adopt recusal motions filed by co-defendants because Houston failed to remind Judge Zagel to rule on those unaddressed motions prior to trial. *Id.* at 270; *United States v. Taglia*, 922 F.2d 413, 416 (7th Cir.1991) (a defendant's failure to remind the court to rule on a pre-trial motion constituted a waiver). Due to Houston's waiver, the Seventh Circuit reviewed Judge Zagel's denial of the § 455(a) motion for "plain error," which allows the Court of Appeals to correct only "particularly egregious errors for the purposes of preventing a miscarriage of justice." *Franklin*, 197 F.3d at 270 (citing *United States v. Marvin*, 135 F.3d 1129, 1135 (7th Cir.1998)). Finding no such error, the Seventh Circuit affirmed. *Id.*

On February 8, 2017, Houston filed a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. (Doc. 1). Houston argued that he was entitled to a new trial, in front of a different district court judge, under the authority of *Fowler v. Butts*, 829 F.3d 788 (7th Cir. 2016), and *Williams v. Pennsylvania*, 136 S.Ct. 1899 (2016). *Fowler* overruled precedent that the Seventh Circuit relied on during Houston's direct appeal. Specifically, *Fowler* held that the Seventh Circuit could consider § 455 recusal arguments on direct appeal, and that filing a writ of mandamus was unnecessary to preserve recusal motions for appeal. 829 F.3d at 791. *Williams* held that a Pennsylvania Supreme Court justice, who as a district attorney had given approval to seek the death penalty against an inmate, violated the Due Process Clause by not

recusing himself and participating in the decision to reinstate the death sentence. 136 S.Ct. at 1907-08.

On May 31, 2018, this Court denied Houston's § 2241 Petition. The Court ruled that Petitioner was not entitled to relief under § 2241 because he had not shown that 28 U.S.C. § 2255 was inadequate or ineffective. (Doc. 11). Specifically, Houston's § 2241 arguments were not based on a new rule previously unavailable and one that applied retroactively. *Id.* On June 5, 2018, Houston filed a "Motion Pursuant to Fed. R. Civ. Proc. 59(e) to Correct 'a Manifest Error of Law & Fact'". (Doc. 13). As will be discussed below, this Court did not commit a manifest error of law and Houston's motion is denied.

## DISCUSSION

"Rule 59(e) allows a court to alter or amend a judgment only if the petitioner can demonstrate a manifest error of law or present newly discovered evidence." *Obriecht v. Raemisch,* 517 F.3d 489, 494 (7th Cir. 2008) (citing *Sigsworth v. City of Aurora,* 487 F.3d 506, 511–12 (7th Cir.2007)). Relief pursuant to a Rule 59(e) motion is an "extraordinary remed[y] reserved for the exceptional case." *Foster v. DeLuca,* 545 F.3d 582, 584 (7th Cir. 2008). A manifest error "is not demonstrated by the disappointment of the losing party. It is the wholesale disregard, misapplication, or failure to recognize controlling precedent." *Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (citation and quotation marks omitted). Habeas petitioners like Houston cannot use Rule 59(e) as a way to relitigate issues already addressed and denied by the Court. *See Barnes v. Lashbrook*, No. 16-798, 2017 WL 2574021, at *1

(S.D. Ill. June 14, 2017), *appeal dismissed sub nom.*, No. 17-2370, 2017 WL 6762224 (7th Cir. July 18, 2017).

This Court dismissed Houston's § 2241 Petition for three reasons: (1) *Fowler* is not a Supreme Court case; (2) *Fowler* does not apply retroactively; and (3) *Williams* does not apply retroactively. (Doc. 11).[1]

Houston first argues that this Court "failed to recognize" the Seventh Circuit's decision in *Hicks v. Stanci*, 642 F.App'x 620 (7th Cir. 2016) (mem.) (unpub), but *Hicks* is an unpublished decision and is distinguishable from this case. While a 2241 Petitioner in *Hicks* relied on a Circuit Court ruling—rather than a Supreme Court ruling—to successfully challenge his sentence, the Government in that case "expressly waive[d]" any argument that Hicks could not use § 2241. 642 F.App'x at 621. As such, the Seventh Circuit held that "[i]n light of the government's waiver on appeal, Hicks may invoke § 2241." *Id.* The Seventh Circuit in *Light v. Caraway*, 761 F.3d 809, 812 (7th Cir. 2014), explicitly stated that "our circuit allows for a § 2241 challenge based on a new statutory interpretation by the Supreme Court," though the Government may waive § 2255(e)'s requirements as it did in *Hicks*.

Houston also points to *United States v. Wheeler*, 886 F.3d 415, 429 (4th Cir. 2018), where the Fourth Circuit held that a change in the Fourth Circuit's controlling law sufficed to satisfy the savings clause. But Fourth Circuit precedent is not controlling in this circuit. And more importantly, in this particular context, Fourth

---

[1] As detailed in the Court's May 31, 2018, Order & Opinion, Section 2255 is inadequate or ineffective only if the following three requirements are met: "(1) the petitioner must rely on a [Supreme Court] case of statutory interpretation (because invoking such a case cannot secure authorization for a second § 2255 motion); (2) the new rule must be previously unavailable and apply retroactively; and (3) the error asserted must be grave enough to be deemed a miscarriage of justice, such as the conviction of an innocent defendant." *Davis v. Cross,* 863 F.3d 962, 964 (7th Cir. 2017).

Circuit precedent is not persuasive because the Fourth Circuit interprets the savings clause much differently than the Seventh Circuit. *See Wheeler*, 886 F.3d at 425 (noting that the Seventh Circuit does not interpret § 2255(e) as jurisdictional, while the Fourth Circuit considers the savings clause jurisdictional).

In any event, even if Houston were correct that he could rely on *Fowler* as a statutory interpretation case, his 2241 petition would still fail because *Fowler* is not retroactive. In his Motion, Hicks again argues that *Fowler* is retroactive, but he already raised this issue in his § 2241 Petition and the Court already held, for the reasons stated in its May 31, 2018, Order & Opinion, that *Fowler* is not retroactive for purposes of the savings clause. *See* Doc. 11 at 6-8. The Court did not commit a manifest error of law or fact when it denied Houston's § 2241 petition.

## CONCLUSION

For the reasons stated above, Houston's "Motion to Correct a Manifest Error of Law & Fact" (Doc. 13) is DENIED.


Entered this 6th day of June, 2018.


s/ Joe B. McDade
JOE BILLY McDADE
United States Senior District Judge